IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELENA VEDRO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-1730 |
| | ) | |
| DEL MONTE FOODS, | ) | Judge McVerry |
|     Defendant. | ) | Magistrate Judge Hay |
| | ) | |

MEMORANDUM ORDER

On March 8, 2006, Defendant, Del Monte Foods, filed a document entitled "Motion to Deem Each of Defendant's Stated Material Facts Admitted and Related Motion for Leave to File a Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment" (Docket No. 30). On March 10, 2006, Plaintiff, Selena Vedro, file a response to this motion (Docket No. 32).

In support of the motion for leave to file a reply brief in support of its motion for summary judgment, Defendant asserts that it needs to clarify certain issues and put them in perspective. Plaintiff opposes the motion, contending that Defendant has already filed twenty-nine pages of material in support of its motion and has no need to file any more. As discussed below, Plaintiff has misunderstood this Court's Order on Motions Practice and the Order's interaction with the Local Rules. Moreover, Defendant's proposed reply brief does not reiterate the arguments made in its initial brief, but responds to assertions made by Plaintiff in her brief in opposition. With respect to this issue, Defendant's motion will be granted and the five-page reply memorandum submitted as Exhibit 1 to its motion, along with a deposition excerpt attached as Exhibit 2, will be accepted as Defendant's reply brief.

The other portion of Defendant's motion is a different matter. Defendant states that it properly filed a Statement of Material Facts in support of its motion for summary judgment, with numbered paragraphs, citations to the record and an appendix in accordance with Local Rule 56.1(B). It notes that Plaintiff did not submit a response to these statements with numbered paragraphs and citations to the record, as required by Local Rule 56.1(C). It argues that, pursuant to the Local Rules, these facts should be deemed admitted. W.D.PA.LR. 56.1(E).

Plaintiff responds that the Court's Order on Motions Practice for this case, entered on June 30, 2005, stated that:

> Responses to non-dispositive motions shall be filed within ten (10) days of service, and responses to dispositive motions shall be filed within thirty (30) days of service; a separate briefing Order will not be issued. Responsive briefs are limited to twenty-five (25) pages in length.

(Docket No. 11 ¶ 3.) This paragraph, unlike the preceding one governing the filing of motions, did not refer to the Local Rules. Plaintiff contends that the Court did not contemplate or allow for it to file a response to Defendant's statement of facts. As further support for this argument, Plaintiff notes that the Order specifically stated that reply and surreply briefs were not to be filed without leave of Court, even though the Local Rules allow for the moving party to file a reply brief as a matter of course within fifteen days of service of the opposing party's submission. W.D.PA.LR 56.1(D). Therefore, Plaintiff filed only a twenty-five page brief (Docket No. 29).

Plaintiff's literal reading of this Court's Order is possible, albeit implausible. Although the Order might have been worded more clearly, it was not intended to reject the section of the Local Rules providing that a non-movant should file a response to a movant's Concise Statement of Material Facts with numbered paragraphs, citations to the record and an appendix. The result

2

would be the situation presented herein: the record would not contain an orderly presentation as to which of the movant's material facts the non-movant is admitting, which it is denying and why. Taken to its logical conclusion, Plaintiff's construction would give the party moving for summary judgment an unfair advantage of bolstering its position with an unlimited Concise Statement of Material Facts and Appendix, but permit the non-movant only a twenty-five page brief in which to respond. It is also noted that Plaintiff did not consistently follow its proposed construction, in that it included a 388-page appendix as an exhibit to its brief (Docket No. 29).[1] Plaintiff has not explained why a response to Defendant's statement of material facts would have extended its response beyond the twenty-five page limit, but an appendix would not.

On the other hand, Defendant cites no authority in support of its motion to have its facts deemed admitted. Although the Local Rules contemplate that a non-movant's failure to respond to a Concise Statement of Material Facts will result in those facts being deemed admitted, they also provide that the procedures of Rule 56.1 "shall govern all motions for summary judgment made in civil actions unless the court, on its own motion, directs otherwise, based on the particular facts and circumstances of the individual action." W.D.PA.LR 56.1(A). In this case, the Court's Order may have led to confusion on Plaintiff's part. Plaintiff should not be subjected to a penalty for this misunderstanding.

Moreover, as Defendant is surely aware, Plaintiff's brief indicates which of Defendant's statements it admits, which it denies, and why. Defendant has understood Plaintiff's position and arguments and has even moved to file a short reply brief to address them. Thus, it has not been prejudiced by Plaintiff's failure to file a response to its Statement of Material Facts.

---

[1]   Defendant has submitted 366 pages of appendix in support of its motion.

The Court concludes that it would be unduly harsh and prejudicial to Plaintiff for all of Defendant's statements to be deemed admitted merely because Plaintiff did not respond with matching numbered paragraphs as contemplated by the Local Rules because her counsel believed that this Court's Order directed her not to do so. It is also noted that, although Defendant followed this Court's Order insofar as it moved for leave to file a reply brief (see Order ¶ 4), it then filed the reply brief without having obtained leave of Court (Docket No. 31). Before attempting to apply the rules in this highly technical manner, Defendant's counsel may wish to consider the state of its own house.

AND NOW, THEREFORE, this 26th day of May, 2006;

IT IS HEREBY ORDERED that Defendant's motion is granted insofar as it requests leave to file a reply brief and denied in all other respects.

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   Homer L. Walton
     Leta V. Pittman
     Tucker Arensberg
     1500 One PPG Place
     Pittsburgh, PA 15222

     Beth M. Henke
     Carole S. Katz
     S. Beth Gollmar
     Morgan, Lewis & Bockius
     301 Grant Street
     One Oxford Centre, 32nd Floor
     Pittsburgh, PA 15219-6401