IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELENA VEDRO, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>DEL MONTE FOODS, )<br>      Defendant. )<br>) | Civil Action No. 04-1730 |

MEMORANDUM ORDER

Plaintiff, Selena Vedro, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA), against her employer, Defendant Del Monte Foods ("Del Monte"). She alleges that Del Monte created a sexually and/or racially hostile working environment, discriminated against her with respect to her salary on the basis of her race and gender and retaliated against her for engaging in protected activity.

On November 15, 2004, this case was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On August 15, 2006, the magistrate judge filed a Report and Recommendation (Docket No. 39), recommending that the motion for summary judgment filed by the Defendant (Docket No. 25) be granted.

Service of the Report and Recommendation was made on the parties, and the Plaintiff filed objections (Docket No. 40) on August 25, 2006. On September 6, 2006, Defendant filed a response to the Plaintiff's objections (Docket No. 41).

In her objections, Plaintiff contends that the magistrate judge made a factual error when she concluded, based on a representation made by Defendant in its filings, that James Kennedy, Del Monte's compensation manager, did not know Plaintiff's race at the time he made the decision to change her salary grade from 13 to 12 in 2004. A close reading of Mr. Kennedy's deposition supports the Plaintiff's position that Kennedy was referring to an earlier period of time when he raised her grade level from 10 to 13 at the recommendation of her department manager, Michael Oakes. Mr. Kennedy testified that, on April 5, 2004, when he prepared a document increasing her grade level, the form that he completed contained information about her race and that he did not know she was a black female prior to preparing the document. (Kennedy Dep. at 127-29.)

Thus, Defendant's suggestion that Mr. Kennedy did not know that Plaintiff was African-American at the time he lowered her grade level to 12 is not supported by the record. This factual point was used by Defendant, among others, to argue that the change in her grade level did not constitute an instance of racial discrimination.

As an initial matter, Plaintiff did not respond to this factual assertion, which was made in the Defendant's Statement of Material Facts (Docket No. 26 ¶ 30). Plaintiff did not file a response to the Defendant's Statement of Material Facts, even after the magistrate judge stated in a Memorandum Order that her Order on Motions Practice was not intended to reject the section of the Local Rules providing that a non-movant should file a response to a movant's Concise Statement of Material Facts with numbered paragraphs, citations to the record and an appendix (Docket No. 33). Plaintiff also did not address this point in her brief in response to Defendant's motion for summary judgment.

Subsequently, Defendant requested and obtained leave to file a reply brief, in which it made the point again: "Finally, Plaintiff's far-fetched conspiracy theory completely ignores the undisputed fact that Jim Kennedy, the individual who drove the market evaluation process, was not even aware of Plaintiff's race at the time he conducted the market evaluation." (Docket No. 31 at 4.) Plaintiff did not seek to file a surreply brief to rebut this factual assertion. Rather, she has raised it for the first time in her objections. On this basis alone, the objection would be properly overruled.

Secondly, the fact that Kennedy was aware of Plaintiff's race at the time he reevaluated the grade level for her position does not create an inference that this action constituted an instance of racial discrimination. Nor can Plaintiff rely on this fact to demonstrate that Defendant's proffered legitimate, non-discriminatory reason for the action it took is a pretext for unlawful race discrimination.

Finally, Plaintiff has ignored the fact that the magistrate judge's Report and Recommendation did not rely solely on this fact to dismiss her claims of racial discrimination in pay. Rather, the Report and Recommendation concluded that the claim also failed because of the undisputed fact that the Department of Labor, in conducting an independent audit of the Plaintiff's Materials Planner position in 2005, determined that it was non-exempt (and thus, should have been graded level 8 or lower). Thus, the Report and Recommendation stated that, "regardless of the process by which Del Monte came to reevaluate and readjust Plaintiff's salary, she has pointed to no evidence that the decision itself constitutes evidence of racial discrimination." (R&R at 26.) The Report and Recommendation noted that Plaintiff's only response to Defendant's argument on this point was to misconstrue Del Monte's position as

being that it relied on the DOL audit in 2005 to decide her salary grade a year before. Plaintiff has not responded to this point in her objections.

AND NOW, this 18th day of September, 2006,

IT IS ORDERED that defendant's motion for summary judgment (Docket No. 25) is GRANTED.

IT IS FURTHER ORDERED that Magistrate Judge Hay's Report and Recommendation dated August 15, 2006 (Docket No. 39) is adopted as the opinion of the Court, as supplemented by the instant Memorandum Order.

s/ Terrence F. McVerry
United States District Judge

cc:  Homer L. Walton, Esquire
  Email: hwalton@tuckerlaw.com
  Leta V. Pittman, Esquire
  Email: lpittman@tuckerlaw.com

  Christopher K. Ramsey, Esquire
  Email: cramsey@morganlewis.com
  Beth M. Henke, Esquire
  Email: bhenke@morganlewis.com
  S. Beth Gollmar, Esquire
  Email: sgollmar@morganlewis.com